Houston, J.,
now announced the opinion of the Court.
From the consideration which we have been enabled tq give to the questions presented in this case, it is the opinion of the Court that the plaintiff is entitled to recover, and that the verdict should not be disturbed which has been returned in his favor.
The receipt from Davis and his wife to Kinder, one of the executors of Mrs. Goslin, for their share of the rent of the premises in 1853, paid over by the defendant to the executors under whom he leased the land, in the judgment of the Court is no bar to this action. For if Mrs. Goslin had nOxauthority; under the will of her husband, John Goslin (which we think she had not), to devise these lands by hew last will and testament to her executors to be rented by them after her death, during the minority of the youngest child, and on her arrival at age to be sold by them, as directed in her will, then no receipt by the plaintiff, or plaintiff and wife, to the executors, on account of rent paid or delivered by the defendant to them as his landlords, can cure the defect or remedy the deficiency in her power for that purpose, or defeat the legal title and right of the plaintiffs to recover in this suit. If Mrs. Goslin had not the power under the will of her husband to make such a devise of the premises in question, no admissions in pais of the plaintiff could give her that authority, or enlarge the operation of the power conferred upon her, so as to bar him of his right to recover under the evidence adduced in this case; for that must depend upon the will of her husband when properly considered and construed, and not on the subsequent acts and acknowledgments of the parties interested, such as were put in evidence on the trial.
We do not think, if Mrs. Goslin had possessed the power under the will of her husband to sell these lands during her widowhood (and which she had not), that she could1 *425 have delegated that power to her executors after her death, even if she could have delegated the power to another during widowhood, the general maxim on this subject being delegatus non potest delegare. And although her husexpressly desires in his will that these' lands shall not be sold during the widowhood of his wife, or the minority of their youngest child, and notwithstanding he gives in the succeeding item of his will, the right to his wife by her last will and testament to devise the estate, real and personal, to their children or their lawful heirs, as she might deem equal and right in her best judgment, we do not consider that any power was delegated, by implication or otherwise, to Mrs. Q-oslin to devise these lands to her executors to be rented by them after her death and during the minority of their youngest daughter, and on her arrival at age to be sold by them, and the proceeds of the sale to be secured and paid over by them to their four daughters, as directed in the fifth item of her will. In the disposition which she has thus attempted to make of the land, we think she has transcended the limits of the power conferred upon her by the will 'of her husband, and this we regard as the main objection which has been taken to the appointment or execution of the power delegated to her. The will of her .husband authorizes her to devise “ the estate, both real and personal, to their children or their lawful heirs, as she might deem equal and right in her best judgment.” But this she has not done; for instead of devising the real estate to their children or their lawful heirs as real estate, she has devised it to other persons, first to be rented and afterwards to be sold by them and converted into personalty, and to be secured for the benefit of the daughters in such manner as others may deem sufficient, to be paid at unequal times, and in reference to the portion to be secured for the wife of the plaintiff, not to go to her or her lawful heirs, but to another, to be held in trust for her, the interest to be paid to her during life, independent of her husband, and after her death the principal to be paid over to the heirs of her body, &e. This, in the opinion of the Court, *426 she had nbt the power to do under the will of her husband'; for the right to devise real estate to children as she might deem “ equal and right,” cannot by any principle of legitimate construction we knoiv of, be held to confer-the power to devise it to entire strangers, and to direct it to be converted into personalty by a sale to strangers, although the proceeds are to be secured to the children in such manner as she deemed proper. ’ The limitation referred to by the counsel for the defendant in the- first item of her husband’s will> which prescribes that the four hundred acres contained in his home farm should not be sold during the widowhood of his wife, or the minority of his youngest child, has a broader significance, we think, than he has given to it, and when properly considered will not sustain the inference which he has deduced from it, particularly when it is known that this was all the real estate he owned at the time of making his will. For it not only precluded the sale of it by his wife during that time, but also by any other power or authority whatever, and was more probably designed to prevent the sale and conversion of it into money by proceedings for partition or otherwise, and to retain it as real estate for his children, at all events, until the. youngest should attain the age of twenty-one years. The intention to confer .such a power as is claimed for the devisee in this instance ought to be clearly and unequivocally indicated, or expressed in the will, and should not de'pend dn an argumentative deduction, or be left to inference or presumption merely.
There was also another exception taken to the will of Mrs. G-oslin, in this connection, which we consider it proper. to.notice before-we conclude our opinion. We allude to the objection that it contains no reference whatever'in terms to the will of her husband, or to the right or power conferred upon her by it, or to the- subject-matter of the power, which' clearly and unequivocally indicates, without any doubt or uncertainty, an intention on her part to execute" the power delegated, or to act under the' will of her husband, in disposing as she has of the premises in contro *427 versy. She nowhere refers to his will, or to the authority derived from it, in her own will, from the commencement to the close of it, or even to her husband himself, except in the directions which she gives for the erection of tombstones over his and her own graves, and for the interment of her own by the side of his remains. On the contrary, she invariably speaks in her will of the land as her own, and devises and disposes of it in the same manner and in the same language as if it belonged to her in her own right, and she could do with it as she pleased. We therefore cannot say that we are satisfied, in addition to the other objections raised to the execution of the power delegated, that it was the intention of Mrs. Goslin to execute it in the manner which her husband’s will required, and which intention must always appear in the execution of such a power, either by a reference to the power itself or by some relation to the subj ect-matter of it, in a way which can leave no doubt of the intention to execute the power.
The dispositions in the will of Mrs. Goslin not being, therefore, in conformity with the power conferred upon her by the will of her husband, the devise in question is inoperative and void, and the power having failed for the want of the proper execution of it, the premises in dispute became intestate property of the testator and descended to his heirs-at-law upon her death. The plaintiff is consequently entitled to recover, and the verdict must stand.